JUNE TERM
1840.

Plummer
vs.
The State.

---

## Hughes adm'r of McKinney vs. Griswold.

H. administered on the estate of M. in Warren county, and applied to the county court of that county for leave to sell lands of the estate, to satisfy certain demands against the estate, which had been allowed and ordered to be paid, by the circuit court of Franklin co. G. the appellee, made objections to the application which were sustained; the adm'r. appealed to the circuit court of W. co. and the judgment of the county court was affirmed; the adm'r then appealed to this court. It not appearing, from the record, how the circuit court of Franklin county obtained its jurisdiction herein, the judgment of the circuit court of Warren co. was affirmed.

Appeal from the circuit court of Warren county.

### Bates for Appellant.

1. That the court went behind the judgments of the Franklin circuit court, and enquired into the original merits of the claims thereby ascertained.

2. The court permitted the objector to give in evidence the Indiana record, upon which the Franklin judgments were founded, and enquired into the legality and regularity thereof.

3. The court admitted parol evidence to impeach the justice and legality of the Franklin judgments, and herein it

may be added, that the court required Hughes and McKinney, one the legal party and not admissible, and the other the virtual party and not compellible, to be witnesses.

4. The court illegally refused the order of sale.

1st. On the first point: The Franklin judgments were conclusive. R. C. art. 4, p. 55, § 3, 8, 13, &c. R. C. appeals, p. 62, and § 8, 9. Sale of real estate, art. 3, § 8, &c

2nd. On the second point: The Indiana records could not be reviewed on the petition to sell the land; whether they did or did not, lawfully prove the debts, was a question for the Franklin circuit court, and if that court erred the way of redress was plain. Judgments of the courts o other states where general and the proper party has notice are conclusive. 1 Kent's Com. 244. 7 Cranch 421. 2 Wheat. 224. When special and in rem, and deft. had no actual notice, not conclusive, 3 Wheat. 129. Mayhen vs Thatcher. Evidence in pais inadmissible to invalidate th record of a judgment. Mo. Rep. 5. vol. p. 233, Montgomery vs. Fairly et al.

3rd. On the 3rd point: No evidence, written or verbal could be received to impeach the Franklin judgments in this collateral proceeding, which is not a case pending between parties, but a precautionary examination in relation to an act, purely ministerial, viz: the sale of property to pay debts judicially ascertained: our act requires notice to all persons interested in the estate, and permits the court to satisfy its conscience, to examine all the parties, "if necessary" on oath. Even in case of flagrant fraud, a judgment could not be set aside, on such evidence, and in this collateral way. In a case in N. Y. (20 J. R. 296,) the court would not set aside a judgment, nor stay execution, on the ground of fraud, at the instance of a creditor at large, i. e. whose debt was not ascertained by judgment. See also, 6 J. R. 296, Denton vs. Noyes. It could not be necessary to examine Hughes and McKinney, and their testimony was illegal.

4th. On the 4th point: The testimony very improperly received. The granting of the order of sale, ought to have been a matter of course, for the law does not require the

administrator to produce any evidence. Under the N. Y. Statutes it is irregular, to issue a ca. sa. before a fi. fa. yet the party only can take advantage of it, and not the shff. against whom action has been brought for an escape, 13 J. R . 370. Ib. 599.

JUNE TERM
1840.

Hughes admr.
of McKinney
vs.
Griswold

*Wells for Appellee.*

1st. There was no legal evidence before the county court that any demands had been lawfully allowed against said estate. The only evidence of allowance of demands before the county court, was a transcript of 4 judgments from the circuit court of Franklin county, all certified by one certificate; one in favor of John Green, to the use of Alexander M'Kinney, for $119,10; one in favor of Alexander McKinney jr. to the use of Alexander McKinney, for $50,11; one in favor of Ja's. McKinney to the use of Alex'r., for $90,41, and one in favor of Alexander Wallace, to the use of Alexander McKinney, for $1289,30½. · In cases of appeals from the county to the circuit court, the statute requires, that the clerk of the circuit court shall certify a transcript of the record and proceedings, and the original papers, to the court wherein the appeal was taken, which shall proceed according to the decision of the circuit court. See laws of Mo. p. 64, § 9: here nothing is sent but a copy of the judgments. in all cases the common law requires a full transcript of the record. See Peaks ev. 34. 2 Mo. Dec. 119. Law ev. 17, 23, 27.

2nd. There is no legal evidence that any demands have been allowed which are entitled to be paid out of moneys arising from the sale of real estate hereafter to be made.— The law requires the county court to class all demands, and provides, that they shall be paid according to their classification, see Mo. L. p. 57, § 19-20-21. The law requires the circuit court, on appeals, to make the same *order or decision* that the county court ought to have made, see Mo. L. p. 6 4 § 8. The circuit court of Franklin allowed the above demands, and ordered them to be paid out of the assets in the hands of the administrator.

3rd. The circuit court of Franklin had no jurisdiction over the cases. See Mo. L. p. 156, § 15.

JUNE TERM
1840.

Hughes adm'r
of McKinney
vs,
Griswold.

4th. The allowance of the claims in Franklin was the result of a fraudulent collusion between the equitable plaintiff and the adm'r. See bill of exceptions, McKinney's and Hughes evidence. It was the duty of adm'r to defend on all legal grounds.

5th. The allowance of said claims in Franklin, is not conclusive against Griswold, he being no party thereto, see Rob. practice, I vol. 368–9–313. He has a right now to enquire into the legality of said allowance. See 4th Bibb 320.

Having a right to look beyond the record of allowance, he shows the following defect in such proceedings:

1st. It does not appear that any adm'r was ever appointed in Indiana.

2nd It does not appear that any letters were ever granted to the persons who acted in Indiana.

3rd. It does not appear that said demands were ever examined, or allowed, or ordered to be paid by the probate court of Indiana.

4th. There are no judgments, or orders of payment in favor of said plaintiffs in Indiana, or either of them.

5th. There are no such debts in the Indiana record as those allowed by the Franklin circuit.

6th. The allowance to Wallace in Indiana, was to him as adm'r of David McKinney dec'd. The allowance of $14,56¼ was to Alexander McKinney dec'd., he cannot now recover it here in his own name, see 1 Cranch 259. 3 do. 319. 2 Kent 247 fl.

7. Judgments or orders of allowance against Robert McKinney's adm'rs in Indiana are not conclusive, or in any manner binding on Rob't McKinney's adm'rs here, he not being a party or privy thereto. See Story's conflict, p. 436, sec. 522. 4 Bibb 320.

8th. The record from Indiana is not certified to be the whole record in the cause—some of these debts, or parts thereof, may have been paid.

9th. Said claims not being evidence by legal record are barred by the statute of limitations.

10th. The lands in the hands of third persons, who pur-

chased of the heirs without notice of the debts against the estate, are not liable thereto after so great a lapse of time, 6 J. C. R. 689. 5 U. S. C. R. 237. 7 Wheaton 60.

11th. The allowance in Franklin is in other respects illegal, irregular. and void, as to Griswold,

*Opinion of the court delivered by Tompkins Judge.*

Hughes administered in Warren county on the estate of Robert McKinney; he applied to the county court for leave to sell land belonging to the estate of the deceased, representing to said court, that the personal estate of the deceased was insufficient to pay the debts. Griswold made objections to the rule, which being sustained by the court, the administrator appealed to the circuit court, where the judgment of the county court was affirmed. From the bill of exceptions in the cause we learn, that Hughes the administrator petitioned for leave to sell land to satisfy certain demands against the estate of his intestate, which had been allowed and ordered to be paid by the circuit court of Franklin county. It no where appears on the record of the cause, now before this court, how the circuit court of Franklin county obtained jurisdiction of any demands against the estate of Robert McKinney, which had been administered on, in Warren county. For this reason the judgment of the circuit court of Warren county, affirming the judgment of the county court of that county, is itself affirmed, all the members of this court concurring.

*June term 1840.*

*Hughes adm'r of McKinney vs Griswold.*

H. administered on the estate of M in Warren co. & applied to the county court of that county for leave to sell lands of the estate, to satisfy certain demands against the estate, which had been allowed and ordered to be paid, by the circuit court of Franklin co. G. the appellee, made objections to the application which were sustained; the adm'r appealed to the circuit court of W. co. and the judgment of the county court was affirmed; the adm'r then appealed to this court. It not appearing, from the record, how the circuit court of Franklin county obtained its jurisdiction herein, the judgment of the circuit court of Warren co. was affirmed.